**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

In re:

Jeremey R. Lynch
Lacresha Blythe,

Case No. 15-74476/SCS
Chapter 7

           Debtors.

Judy A. Robbins
U.S. Trustee for Region Four,
           Plaintiff

APN No._____

v.

Monique Sherida Fields
           Defendant.

**COMPLAINT SEEKING IMPOSITION OF FINES, DISGORGEMENT OF COMPENSATION, PERMANENT INJUNCTION FROM FURTHER VIOLATIONS OF 11 U.S.C. § 110 AND FROM ACTING AS A BANKRUPTCY PETITION PREPARER AND OTHER RELIEF**

Judy A. Robbins, United States Trustee for Region Four, by counsel, brings this complaint against defendant, Monquie Sherida Fields, pursuant to 11 U.S.C. §110, and states:

Kenneth N. Whitehurst, III, Esq., AUST, VSB No. 48919
Cecelia Ann Weschler, Esq., VSB No. 28245
Nicholas S. Herron, Esq., NJSB No. 03007-2008, PASB No. 208988
Office of the United States Trustee
200 Granby Street, Room 625
Norfolk, VA 23510
(757) 441-6012

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 105(a) and 110(j)(1), (2)(A) and (2)(B), and 28 U.S.C. §157(a). This Adversary Proceeding arises in a case under Title 11 of the United States Code and is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## PARTIES

3. Plaintiff, Judy A. Robbins, is the United States Trustee for Region Four, which includes the Eastern District of Virginia, and is duly appointed under 28 U.S.C. § 581(a)(4).

4. The debtors, Jeremey R. Lynch and Lacresha Blythe, ("Lynch" and "Blythe"), are individuals residing in Carrollton, Virginia, in the Eastern District of Virginia, and are the debtors in this chapter 7 case.

5. The defendant, Monique Sherida Fields, ("Fields"), is an individual residing in Newport News, Virginia, and conducts business as a bankruptcy petition preparer within the Eastern District of Virginia.

6. Fields is a "person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing" and is a "bankruptcy petition preparer," within the meaning of 11 U.S.C. § 110.

7. Fields is not licensed to practice law in the Commonwealth of Virginia and she is not admitted to practice before this Court.

## STATEMENT OF FACTS

8. Monique Fields has been actively preparing bankruptcy petitions and documents for filing before the United States Bankruptcy Court for the Eastern District of Virginia.

9. Fields has prepared bankruptcy petitions and documents for filing in at least four cases which have been closed or are currently pending before the Court.

10. Fields prepared documents for filing in the following cases:

| Name | Case No. | Chapter | Petition Date | Payment to Fields | Status/Disposition |
| --- | --- | --- | --- | --- | --- |
| Lavene A. Hall | 15-51352-SCS | 7 | October 13, 2015 | $140 | Pending/Discharged |
| Teneshia K. Aaron | 15-51392-FJS | 7 | October 20, 2015 | $140 | Closed/Discharged |
| Reginald D. Lucas | 15-51661-FJS | 7 | December 17, 2015 | $550 | Pending |
| Jeremy Lynch and Lacresha Blythe | 15-74476-SCS | 7 | December 31, 2015 | $540 | Pending |

11. Fields has violated at least one or more provisions under Section 110 in preparing documents for the debtors in each of the above listed cases.

12. On information and belief, Fields has acted, and continues to act as a bankruptcy petition preparer and engages in the unauthorized practice of law in other cases not specified.

### Jeremy Lynch and Lacresha Blythe Case No. 15-74476

13. On December 31, 2015, Lynch and Blythe filed a joint voluntary Chapter 7 bankruptcy petition with the assistance of Fields.

14. Lynch and Blythe relied on Fields to prepare the schedules, statements, and petition in this case and she prepared them.

15. Lynch and Blythe paid $540 to Fields for her services as a bankruptcy petition preparer.

16. Fields did not provide Lynch and Blythe a copy of Official Form 119 (Bankruptcy Petition Preparer's Notice, Declaration, and Signature) prior to receiving payment.

17. On December 31, 2015, Lynch and Blythe filed an Application to Have the Chapter 7 Filing Fee Waived.

18. Fields prepared the Application to Have the Chapter 7 Filing Fee Waived on behalf of Lynch and Blythe without identifying herself on the document either by name and/or identification number.

19. Lynch and Blythe testified at their 341(a) hearing that they were not notified of the filing fee.

20. Fields prepared a Homestead Deed for Lynch and Blythe to sign in an effort to exempt certain assets.

21. The Homestead Deed for Personal Property bears Fields' information as the preparer of the document.

22. On February 4, 2016, the Homestead Deed for Personal Property was recorded with the Newport News Circuit Court Clerk.

23. Lynch and Blythe were advised by Fields that the Homestead Deed was necessary to protect their assets. Fields also advised them as to the dollar limits of the available exemptions.

24. Fields charged Lynch and Blythe a total of $540.00 for the preparation of their bankruptcy petition and required an initial deposit before beginning work.

25. Lynch and Blythe paid the $540 in cash, but over three installment payments. The first payment was in the amount of $150. The second installment was paid in cash in the amount of $200. The third and final installment payment was paid in cash in the amount of $200. The receipts are filed as Exhibit "A".

26. Fields failed to file with the petition a declaration disclosing the total amount of compensation received in connection with this petition as required under 11 U.S.C. § 110(h).

27. Lynch and Blythe testified at their 341(a) hearing that Fields advised them about whether to continue to pay their vehicle payments and rental payments.

### Reginald D. Lucas Case No. 15-51661

28. On December 17, 2015, Reginald D. Lucas ("Lucas") filed a voluntary Chapter 7 bankruptcy petition with the assistance and advice of Fields.

29. Lucas relied on Fields to prepare the schedules, statements and petition in this case and she prepared them.

30. Fields advised Lucas to file a bankruptcy petition to stop wage garnishments.

31. Lucas paid $550 to Fields for her services as a bankruptcy petition preparer.

32. On December 16, 2015, Lucas signed a contract with Fields to perform bankruptcy preparation services. Page two, paragraph seven, reflects Fields' fee of $550. A copy of the contract is filed as Exhibit "B".

33. On or about December 16, 2015, Lucas gave Fields an initial deposit in the amount of $160.00 in cash.

34. Fields did not provide Lucas a copy of Official Form 119 (Bankruptcy Petition Preparer's Notice, Declaration, and Signature) prior to receiving payment.

5

35. On December 17, 2015, Lucas filed an Application to Have the Chapter 7 Filing Fee Waived.

36. Fields prepared the Application to Have the Chapter 7 Filing Fee Waived on behalf of Lucas without identifying herself on the document either by name and/or identification number.

37. Fields prepared a Homestead Deed for Lucas to sign in an effort to exempt certain assets.

38. The Homestead Deed for Personal Property bears Fields' information as the preparer of the document.

39. On January 13, 2016, the Homestead Deed for Personal Property was recorded with the Newport News Circuit Court Clerk.

40. December 31, 2015 was the deadline for Lucas to file the remaining schedules and statements, or his case would be dismissed.

41. Fields refused to file the remaining documents until $390 (the balance of the $550) was received in full.

42. On December 31, 2015, Fields assisted and advised Lucas in preparing a Motion to Extend Time which was filed with the Court that day.

43. On December 31, 2015, the Court issued an Order Granting Debtor's Motion to Extend Time and extending the deadline to file the remaining documents to January 19, 2016.

44. Prior to the January 19, 2016 deadline, Lucas paid the remaining outstanding balance of $390 in cash to Fields.

45. On January 6, 2016, Lucas received the remaining documents to file with the Court from Fields.

46. Fields prepared Lucas' exemptions, on Schedule C, without his input and decided which Virginia statutes to utilize.

47. Fields requested that Lucas not disclose the $550 paid to her for the petition preparing services, but rather report that he only paid $140. He declined her request to misrepresent the total amount of fees paid.

48. Fields advised Lucas that he should not pay either his rental payments or vehicle payments because the court did not like when a debtor preferred one creditor over the other.

49. Lucas followed Fields' advice and stopped making all vehicle payments to Bayport Credit Union.

50. On December 29, 2015, Bayport Credit Union filed a Motion for Relief from the Automatic Stay on the basis of non-payment.

51. On January 26, 2016, the Court granted Bayport Credit Union's Motion for Relief from the Automatic Stay.

### Lavene A. Hall Case No. 15-51352

52. On October 13, 2015, Lavene A. Hall ("Hall") filed a voluntary Chapter 7 bankruptcy petition with the assistance and advice of Fields.

53. Hall relied on Fields to prepare the schedules, statements, and petition in this case and she prepared them.

54. Hall paid $140 to Fields for her services as a bankruptcy petition preparer.

55. Fields did not provide Hall a copy of Official Form 119 (Bankruptcy Petition Preparer's Notice, Declaration, and Signature) prior to receiving payment.

56. On October 13, 2015, Hall filed an Application to Have the Chapter 7 Filing Fee Waived.

57. On October 16, 2015, the Court entered an Order Granting Application for Waiver of Chapter 7 Filing Fee.

58. On October 23, 2015, the remaining schedules and statements were filed with the Court.

59. Fields prepared a Homestead Deed for Hall to sign in an effort to exempt certain assets.

60. The Homestead Deed for Personal Property bears Fields' information as the preparer of the document.

61. The Homestead Deed sought to protect assets in the total amount of $126,185.

62. On November 12, 2015, the Homestead Deed for Personal Property was recorded with the Hampton Circuit Court Clerk.

63. On January 12, 2016, David R. Ruby, the chapter 7 trustee, filed an objection to debtor's claimed homestead exemptions.

64. On February 16, 2016, the objection was settled between David R. Ruby and debtor's new counsel, Sherman Smith.

65. On February 19, 2016, the debtor filed a motion to convert to a Chapter 13.

### Teneshia K. Aaron Case No. 15-51392

66. On October 20, 2015, Teneshia K. Aaron ("Aaron") filed a voluntary Chapter 7 bankruptcy petition with the assistance and advice of Fields.

67. Aaron relied on Fields to prepare the schedules, statements, and petition in this case and she prepared them.

68. Aaron paid $140 to Fields for her services as a bankruptcy petition preparer.

69. Fields did not provide Aaron a copy of Official Form 119 (Bankruptcy Petition Preparer's Notice, Declaration, and Signature) prior to receiving payment.

70. On October 20, 2015, Aaron filed an Application to have the Chapter 7 Filing Fee Waived.

71. On October 26, 2015, the Court entered an Order Granting Application for Waiver of the Chapter 7 Filing Fee.

72. On November 2, 2015, the remaining schedules and statements were filed with the Court.

73. Fields prepared a Homestead Deed for Personal Property for Aaron to sign in an effort to exempt certain assets.

74. On November 18, 2015, the Homestead Deed for Personal Property was recorded with the Hampton Circuit Court Clerk.

75. Fields advised Aaron of the differences between a Chapter 7 and Chapter 13 bankruptcy.

76. Fields selected the exemptions for property which Aaron claimed on Schedule C.

**Count I**
**Violation of 11 U.S.C. § 110(b)(1)**

77. Plaintiff repeats the allegations contained in Paragraphs 1 through 76 as if set forth herein.

78. Pursuant to section 110(b)(1) a bankruptcy petition preparer who prepares a document for filing must "sign the document and print on the document the preparer's name and address." 11 U.S.C. § 110(b)(1).

79. Fields failed to sign or print her name and address on the application to waive filing fees prepared on behalf of Lucas in violation of Section 110(b)(1).

80. Fields failed to sign or print her name and address on the application to waive filing fees prepared on behalf of Lynch and Blythe in violation of Section 110(b)(1).

81. Under § 110(l)(1), a bankruptcy petition preparer "who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for each such failure." 11 U.S.C. § 101(l)(1).

82. Fields' failure to sign and print on the application to waive filing fees her name, address, and/or identification number on these filings warrants fines in the amount of $500 for each offense, for a total fine of $1,000.

**Count II**
**Violation of 11 U.S.C. § 110(b)(2)**

83. Plaintiff repeats the allegations contained in Paragraphs 1 through 82 as if set forth herein.

84. Pursuant to section 110(b)(2)(A), "before preparing any document for filing or accepting any fees from a debtor, the bankruptcy petition preparer shall provide to the debtor a written notice which shall be on an official form prescribed by the Judicial Conference of the United States in accordance with rule 9009 of the Federal Rules of Bankruptcy Procedures." 11 U.S.C. § 110(b)(2)(A).

85. A notice under 11 U.S.C. § 110(b)(2)(A) "(i) shall inform the debtor in simple language that a bankruptcy petition preparer is not an attorney and may not practice law or give legal advice; (ii) may contain a description of examples of legal advice that a petition preparer is not authorized to give, in addition to any advice that the preparer may not give by reason of subsection (e)(2); and (iii) shall (I) be signed by the debtor and, under penalty of perjury, by the bankruptcy petition preparer; and (II) be filed with any document for filing." 11 U.S.C. § 110(b)(2)(B).

86. Fields did not provide Lynch and Blythe a copy of Official Form 119 (Bankruptcy Petition Preparer's Notice, Declaration, and Signature) prior to accepting fees for services and preparation of the petition in violation of § 110(b)(2).

87. Fields did not provide Lucas a copy of Official Form 119 (Bankruptcy Petition Preparer's Notice, Declaration, and Signature) prior to accepting fees for services and preparation of the petition in violation of § 110(b)(2).

88. Fields did not provide Hall a copy of Official Form 119 (Bankruptcy Petition Preparer's Notice, Declaration, and Signature) prior to accepting fees for services and preparation of the petition in violation of § 110(b)(2).

89. Fields did not provide Aaron a copy of Official Form 119 (Bankruptcy Petition Preparer's Notice, Declaration, and Signature) prior to accepting fees for services and preparation of the petition in violation of § 110(b)(2).

90. Under § 110(l)(1), a bankruptcy petition preparer "who fails to comply with any provision of subsection (b), (c), (d), (e),(f), (g), or (h) may be fined not more than $500 for each such failure." 11 U.S.C. § 101(l)(1).

91. Fields' failure to adhere to the noticing requirements under § 110(b)(2) constitutes a violation and warrants sanctions in the amount of $500 per violation, for a total fine of $2,000.

## Count III
### Violation of 11 U.S.C. § 110(c)

92. Plaintiff repeats the allegations contained in Paragraphs 1 through 91 as if set forth herein.

93. Pursuant to section 110(c), a bankruptcy petition preparer is prohibited from preparing a document for filing without placing a number on the document which identifies the individual preparer. The identifying number – the social security number of the bankruptcy

petition preparer – must be placed after the bankruptcy petition preparer's signature on any document the bankruptcy petition preparer prepares for filing. 11 U.S.C. § 110(c).

94. Fields failed to place an identifying number on the Application to Waive Chapter 7 Filing Fees which she prepared in connection with the Luca case in violation of § 110(c).

95. Fields failed to place an identifying number on the Application to Waive Chapter 7 Filing Fees which she prepared in connection with the Lynch and Blythe case in violation of § 110(c).

96. Under § 110(l)(1), a bankruptcy petition preparer "who fails to comply with any provision of subsection (b), (c), (d), (e),(f), (g), or (h) may be fined not more than $500 for each such failure." 11 U.S.C. § 101(l)(1).

97. Fields' violation of subsection (c) in the two cases warrants a fine in the amount of $500 for each offense, for a total fine of $1,000.

## Count IV
## Violation of 11 U.S.C. § 110(h)(2), (3)

98. Plaintiff repeats the allegations contained in Paragraphs 1 through 97 as if set forth herein.

99. As a bankruptcy petition preparer Fields is required to accurately disclose the total amount of fees received in conjunction with the services performed.

100. Section 110(h)(2) provides that a bankruptcy petition preparer declare under penalty of perjury any fee received from the debtor.

101. Under section 110(h)(3), the bankruptcy petition preparer will forfeit all fees charged if full disclosure does not occur.

102. In the Lucas case, Fields failed to disclose the total amount of fees received in connection with the case.

103. Fields' disclosure of $140 is not accurate. Fields attempted to persuade Lucas to conceal the true amount paid.

104. Fields' actions require that the $550 received from Lucas be disgorged and returned to him.

105. Fields failed to file the requisite Disclosure of Compensation of Bankruptcy Petition Preparer in the Lynch and Blythe case.

106. Fields did not disclose that Lynch and Blythe paid $150 as a deposit prior to the filing of the case with a remaining balance due of $390.

107. Fields' actions require that the $540 received from Lynch and Blythe be disgorged and returned to them.

108. Fields' violation of §110(b)(2), as noted in Count II, establishes relief under § 110(h)(3)(b) that all fees paid to Fields in the Hall case should be disgorged.

109. Fields' violation of §110(b)(2), as noted in Count II, establishes relief under § 110(h)(3)(b) that all fees paid to Fields in the Aaron case should be disgorged.

110. Fields should be ordered to return the fees received in each of the above listed cases as follows:

| Lavene A. Hall | 15-51352-SCS | $140 |
|---|---|---|
| Teneshia Aaron | 15-51392-FJS | $140 |
| Reginald D. Lucas | 15-51661-FJS | $550 |
| Jeremy Lynch and Lacresha Blythe | 15-74476-SCS | $540 |

## Count V
### Violation of 11 U.S.C. §110(e)(2)

111. Plaintiff repeats the allegations contained in Paragraphs 1 through 110 as if set forth herein.

112. Under section 110(e)(2)(A) a bankruptcy petition preparer is strictly prohibited from rendering legal advice. *See In re Jay*, 446 B.R. 227 (Bankr. E.D.Va. 2010) (St. John, C.J.)

113. In the Hall, Aaron, Lucas and Lynch and Blythe cases, Fields engaged in the unauthorized practice of law.

114. Fields prepared a Homestead Deed for Lynch and Blythe. This constitutes the practice of law. *Jay*, 446 B.R. at 246.

115. Fields prepared a Homestead Deed for Lucas. This constitutes the practice of law. *Id*.

116. Fields prepared a Homestead Deed for Hall. This constitutes the practice of law Hall. *Id*.

117. Fields prepared a Homestead Deed for Aaron. This constitutes the practice of law. *Id*.

118. Fields assisted in the preparation and provided advice as to the filing of a Motion to Extend Time for Lucas, which constitutes the practice of law in violation of § 110(e)(2).

119. Fields claimed exemptions for Lucas, which constitutes the practice of law in violation of **§** 110(e)(2).

120. Fields advised Lucas not to pay his vehicle and rental payments, which constitutes the practice of law in violations of **§**110(e)(2).

121. Fields advised Lucas to file a bankruptcy petition to stop wage garnishments, which constitutes the practice of law in violation of **§** 110(e)(2).

122. Fields prepared an application to waive the filing fee in the case of Lucas, which constituted an unauthorized practice of law in violation of § 110(e)(2).

123. Fields prepared an application to waive the filing fee in the case of Lynch and Blythe, which constituted an unauthorized practice of law in violation of § 110(e)(2).

124. Fields advised Lynch and Blythe not to pay their vehicle payments, which constitutes the practice of law in violation of § 110(e)(2).

125. Fields advised Lynch and Blythe about the Homestead Deed and applicable monetary limits which constitutes the practice of law in violation of § 110(e)(2).

126. Fields advised Lynch and Blythe about whether to pay rental payments, which constitutes the practice of law in violation of § 110(e)(2).

127. Fields advised Aaron about the differences between a Chapter 7 and Chapter 13 bankruptcy proceeding.

128. Fields advised Aaron about which exemptions to take in filing her Schedule C, which constitutes the practice of law in violation of § 110(e)(2).

129. Fields advised Hall about which exemptions to take in the filing of her Schedule C, which constitutes the practice of law in violation of § 110(e)(2).

130. Pursuant to 11 U.S.C. § 110(l)(1), Fields is subject to fines of $500 for each violation of this section.

131. In the Hall case, Fields should be fined $500 for the preparation of the Homestead Deed and Schedule C, for a total fine of $1,000.

132. In the Aaron case, Fields should be fined $500 for the preparation of the Homestead Deed, discussing the differences between Chapter 13 and Chapter 7, and the preparation of her Schedule C, for a total fine of $1,500.

133. In the Lucas case, Fields should be fined $500 for the preparation of the Homestead Deed, Schedule C, Application to Waive Filing Fee, Motion to Extend, providing advice about paying debts, and advising about the legal effect of filing a bankruptcy petition to stop a wage garnishment, for a total fine of $3,000.

134. In the Lynch and Blythe case, Fields should be fined $500 for preparing the Homestead Deed for each debtor, discussing whether to make vehicle payments, whether to make rental payments, and preparing the Application to Waive Filing Fee for a total fine of $2,500.

135. As set forth above, Fields should be fined a total of $8,000 for her violations of 11 U.S.C. § 110(e)(2).

**Count VI**
**Violation of 11 U.S.C. § 110(i)(1)**

136. Plaintiff repeats the allegations contained in Paragraphs 1 through 135 as if set forth herein.

137. Section 110(i)(1), prohibits bankruptcy petition preparers from committing "any fraudulent, unfair, or deceptive act…" 11 U.S.C. § 110(i)(1).

138. Fields' conduct of engaging in the unauthorized practice of law in the cases of Hall, Aaron, Lucas and Lynch and Blyth constitutes a fraudulent, unfair or deceptive act within the context of § 110(i)(1).

139. Fields' intentional failure to disclose all fees paid by the debtors, in the cases of Lucas and Lynch, and Blythe, under penalty of perjury, constitutes an unfair and deceptive act within the meaning of § 110(i)(1).

140. Fields' unauthorized practice of law in the Hall, Aaron, Lucas, and Lynch and Blythe cases merits statutory damages of $2,000 per case payable to each respective debtor as required under § 110(i)(1)(B), for a total of $8,000.

## Count VII
## 11 U.S.C. § 110(l)(2)(D) Treble Damages

141. Plaintiff repeats the allegations contained in Paragraphs 1 through 140 as if set forth herein.

141. Counts I – V above request $500 fines for each of Fields' violations of 11 U.S.C. § 110 (b), (c), (e), and (h).

142. Pursuant to 11 U.S.C. § 110(l)(2)(D), each such fine should be tripled.

143. In each case referred to above, Fields prepared a document for filing in a manner that failed to disclose her identity as a bankruptcy petition preparer.

## COUNT VIII
## Injunctive Relief under 11 U.S.C. § 110(j)(2)(B)

144. Plaintiff repeats the allegations contained in Paragraphs 1 through 143 as if set forth herein.

145. Section 110(j) provides a right to bring a civil action for injunctive relief against a bankruptcy petition preparer. 11 U.S.C. § 110(j)(1).

146. Pursuant to section 110(j)(2), the bankruptcy court may enjoin a person from ever again acting as a bankruptcy petition preparer if it finds that the person has, among other things, (i) continually violated section 110 and the Bankruptcy Code or "engaged in any other fraudulent, unfair, or deceptive conduct" and merely enjoining the conduct would not be sufficient to prevent continued interference with the proper administration of the Bankruptcy

17

Code, (ii) failed to pay a penalty imposed under section 110, or (iii) failed to disgorge fees as ordered by the court. 11 U.S.C. § 110(j)(2)(B).

147.    Here Fields has engaged in "fraudulent [or] unfair conduct", 11 U.S.C. § 110(j)(2)(A)(i)(III), which warrants enjoining the bankruptcy petition preparer from engaging in such conduct.

148.    Fields has engaged in repeated violations of various provisions under § 110 and her pattern of past behavior is indicative of possible future reoccurrences, such that a permanent injunction from acting as a bankruptcy petition preparer in the United States Bankruptcy Court for the Eastern District of Virginia is warranted.

WHEREFORE, United States Trustee respectfully requests that this Court

A.    Pursuant to 11 U.S.C. § 110(l)(1), and (3) impose a fine of $12,000 tripled to $36,000 per § 110(l)(2)(D), against Fields payable to the United States Trustee for deposit pursuant to 11 U.S.C. § 110(l)(4)(A); and

B.    Order the immediate forfeiture and turnover by Fields of all fees collected from each of the four debtors and that all funds be refunded to the debtors[1], pursuant to 11 U.S.C. § 110(h)(3); and

C.    Award statutory damages in favor of Hall, Aaron, Lucas and Lynch and Blythe, and against Fields in the amount of $2,000 per case for a total of $8,000 pursuant to 11 U.S.C. § 110(i)(1); and

---

[1] Fields should repay all funds received as follows:

| | | |
|---|---|---|
| Lavene A. Hall | 15-51352-SCS | $140 |
| Teneshia Aaron | 15-51392-FJS | $140 |
| Reginald D. Lucas | 15-51661-FJS | $550 |
| Jeremy Lynch and Lacresha Blythe | 15-74476-SCS | $540 |

D. Pursuant to 11 U.S.C. § 110(j)(2)(B) permanently enjoining Fields from acting as a bankruptcy petition preparer in the Eastern District of Virginia; and

E. Grant the United States Trustee such additional relief to which she may be entitled.

RESPECTFULLY SUBMITTED,

Judy A. Robbins
U.S. Trustee for Region Four

By: /s/ Nicholas S. Herron

Kenneth N. Whitehurst, III
Assistant U.S. Trustee

Nicholas S. Herron
Trial Attorney
