# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

| | |
|---|---|
| JEREMY R. LYNCH ) | |
| LACRESHA BLYTHE ) | |
| ) | |
| Debtors. ) | |
| ) | Case No. 15-74476-SCS |
| JUDY A. ROBBINS ) | Chapter 7 |
| U.S. TRUSTEE FOR REGION FOUR, ) | |
| ) | |
| Plaintiff. ) | |
| v. ) | Adversary Proceeding No. 16-07015-SCS |
| ) | |
| MONIQUE SHERIDA FIELDS, ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT SEEKING IMPOSITION OF FINES, ETC.

COMES your Defendant, Monique Fields, and responds to the Complaint against her as follows:

1 - 9.   Admit.

10.   Admit so much of Paragraph 10 that states that the payments received by Defendant for bankruptcy preparation services are $140.00 per case. To the extent that payments listed in the table are higher than $140.00, they do not apply to the preparation of documents for the bankruptcy case. Rather those fees are for the preparation of tax returns on behalf of the respective customer, and each customer was so aware.

11.   Deny.

12.   Admit that Defendant has acted and continues to act as a bankruptcy petition preparer, but Deny that she in any way engages in the unauthorized practice of law in the current or past cases.

Roy H. Lasris, VSB #21605
LASRIS, WALSH &
ASSOCIATES, P.C.
914 Denbigh Boulevard
Yorktown, VA 23692
(757) 877-2244

## Mr. Lynch and Ms. Blythe

13 - 14.   Admit.

15.    Deny.  Lynch and Blythe paid $140.00 to your Defendant for her services as a bankruptcy petition preparer.

16.    Deny.

17.    Admit.

18.    Admit, but only so much of the word "prepare" as means "filled in the blanks." There is no space on the application for the preparer to insert her identifying information and, relying on the author of the Official Forms, your Defendant assumed that it was not required by the Rules on this particular form.  Indeed, Form B119 specifically states "I or my firm prepared the documents checked below and the completed declaration is made a part of each document that I check."  The box "Application to have Chapter 7 Filing Fee Waived" is checked.

19.    Your Defendant has no information regarding what Mr. Lynch and Ms. Blyth may have testified to, but your Defendant DENIES the implication that she failed to notify them of the filing fee.

20.    Admit, but only to the extent that your Defendant filled in the blanks in a preprinted form.  The selection of items to be included in the form was done by the customer.

21.    Admit.

22.    Your Defendant has no information with regard to any fact stated in these paragraphs, but will ADMIT them for purposes of this pleading.

23.    Deny.  Even if a statement regarding the necessity of a homestead deed to protect assets was made, such is common knowledge and does not constitute the practice of law.

24.     Deny that Debtors paid $540.00 for the preparation of their bankruptcy petition. They paid $140.00 for the preparation of their bankruptcy petition. Admit that your Defendant required an initial deposit before beginning work, but this deposit is paid immediately (moments before) the petition preparation is undertaken.

25.     Deny. The first payment was in the amount of $140.00 (not $150) and represented the bankruptcy fee as noted on the receipt attached as an Exhibit to the Complaint. The remaining payments of $200.00 and $210.00 were for tax prep as noted on the receipts.

26.     Deny.

27.     Defendant neither admits or denies what Lynch and Blythe testified to, but denies the suggestion of the testimony that they supposedly gave.

### Mr. Lucas

28.     Lucas filed a voluntary Chapter 7 bankruptcy petition, and that was prepared with the assistance of your Defendant. The filing was not with the advice of your Defendant.

29.     Admitted to the extent that Mr. Lucas relied upon the Defendant to complete blanks in the various forms needed to effect a bankruptcy filing, using information and direction provided by the customer. To the extent that the Complaint states or suggests "advice" and "reliance" on anything other than her knowledge of how to complete the bankruptcy forms, she DENIES the allegation.

30.     Deny. Mr. Luacs advised her as to his purpose. (He had previously filed a bankruptcy on his own (without any involvement of Defendant).

31.     Deny. Lucas paid Defendant $140.00 for services as a bankruptcy petition preparer. The balance of the $550.00 paid was for her tax preparation services, representing preparation of returns for 2 years.

32. Your Defendant explained orally the breakout of the payments such was consistent with charges that she always makes her other customers. The form does not reference bankruptcy as an exclusive item. Rather, the contract reference bankruptcy and other tasks.

33. Admit.

34. Deny.

35. Admit.

36. Admit, with same reservations as on paragraph 18, above.

37. Admit, but only to the extent that your Defendant filled in the blanks in a preprinted form. The selection of items to be included in the form was made by the customer.

38. Admit.

39. Admit.

40. Admit.

41. Deny. By the date stated, Mr. Lucas had not provided sufficient information (names and addresses of creditors, budget sheet, statement of financial affairs, etc.) upon which the remainder of the package could be completed.

42. Deny.

43. Admit.

44. Admit. The payment was not for bankruptcy prep fee, but rather for the preparation of taxes which were also accomplished in a timely fashion.

45. Admit, but only to the extent that she received the documents from Mr. Lucas needed to prepare the missing bankruptcy schedules and to prepare his taxes.

46. Deny. Mr. Lucas provided Defendant the same list of exemptions used in his prior bankruptcy. He asked her to use that list, and she did.

47. Deny. Defendant simply, and properly, reported the fees she charged for the bankruptcy preparation on the proper schedule. She never requested Mr. Lucas to misrepresent anything.

48. Deny.

49. It may be true that Mr. Lucas stopped making his vehicle payments, but DENY that such was not on the advice of your Defendant. (Mr. Lucas was already well behind in his car payments even before meeting with your Defendant.)

50 - 51. Your Defendant has no information with regard to any fact stated in these paragraphs, but will ADMIT them for purposes of this pleading.

## Ms. Hall

52. Admitted in part and denied in part, on the same basis as paragraph 29 above.

53. Deny.

54. Admit.

55. Deny. (The official form at the time was B-19, not 119. Irrespective of that, the denial is to the substance of the allegation. The proper form was provided to Hall.)

56 – 58. Admit.

59. Admit, but only to the extent that your Defendant filled in the blanks in a preprinted form. The selection of items to be included in the form was done by the customer.

60. Admit.

61. Neither admit nor deny the intent of the Homestead Deed, but ADMIT that the Homestead Deed listed assets in the total amount stated as selected by the customer.

62 - 65. Your Defendant has no information with regard to any fact stated in these paragraphs, but will ADMIT them for purposes of this pleading.

5

### Ms. Aaron

66. Admit in part and deny in part, on the same basis as paragraph 29 above.

67. Admit.

68. Admit.

69. Deny. (The Official Form at the time was B-19, not 119. Irrespective of that, the denial is to the substance of the allegation. The proper form was provided to Ms. Aaron.)

70. Admit.

71. Admit.

72. Admit.

73. Admit, but only to the extent that your Defendant filled in the blanks in a preprinted form. The selection of items to be included in the form was done by the customer.

74. Admit.

75. Deny.

76. Deny.

### Count I

77. Same responses as in answers to referenced paragraphs.

78. Admit.

79 – 80. Admit. Defendant had provided her name and identifying information on all other forms simultaneously submitted and assumed that since the author of the Official Forms did not provide a space for such information, it was not required on this particular form. Indeed, Form B119 incorporates itself by reference into all forms filed and "checked" on the form. See part 2 of B119.

81. Your Defendant admits to statutory provision, but not to its applicability in the present case.

82. Deny.

## Count II

83. Same responses as in answers to referenced paragraphs.

84. Admit.

85. Admit.

86 – 89. Deny. (Form 119 was not provided to the customers who filed their schedules prior to December 1, 2015, Form B-19 was provided.)

90. Admit.

91. Deny.

## Count III

92. Same responses as in answers to referenced paragraphs, as if fully set out herein.

93. Defendant admits that Section 110(c) exists and requires bankruptcy petition preparers to identify themselves on documents prepared by the for filing with the Court, but DENIES the statutory interpretation of the Trustee.

94 - 95. Admit the absence of the identifying number on the Application itself, but deny the violation of Section 110(c). The Application was filed simultaneously with the Petition and is "covered" by the B119 filing.

96. Admit as to statutory content.

97. Deny.

## Count IV

98. Same responses as in answers to referenced paragraphs, as if fully set out herein.

99. Admit.

100. Admit.

101. Admit as to consequences of statute.

102 – 100. Deny.

## Count V

111. Same responses as in answers to referenced paragraphs, as if fully set out herein.

112. Admit.

113. Deny.

114 – 117. Admit the first allegation in this paragraph in that she filled in blanks on a sheet with direction from her customer. Deny that *Jay* holds that such action constitutes the practice of law.

118 – 129. Deny.

130. Admit as to penalty, deny as to their applicability to your Defendant.

131 – 135. Deny.

## Count VI

136. Same responses as in answers to referenced paragraphs, as if fully set out herein.

137. Admitted as to statutory content.

138.– 139    Deny.

140. Deny.

## Count VII

141. Same responses as in answers to referenced paragraphs, as if fully set out herein.

141 (#2). The statement is true, but the implication is DENIED.

143. Deny.

## Count VIII

144. Same responses as in answers to referenced paragraphs, as if fully set out herein.

145 – 147. Admitted as to statutory content.

147. Deny.

148. Deny.

WHEREFORE, your Defendant requests that all matters brought against her by and in the Complaint filed against her be dismissed.

                                                MONIQUE SHERIDA FIELDS

                                                By: /s/ Roy H. Lasris
                                                    Of Counsel

Roy H. Lasris, VSB # 21605
LASRIS, WALSH & ASSOCIATES, P.C.
A Professional Law Corporation
914 Denbigh Boulevard
Yorktown, VA  23692
(757) 877-2244

## CERTIFICATE

I, Roy H. Lasris, do hereby certify that on the 20th day of April, 2016, a true copy of the foregoing Answer to Complaint Seeking Imposition of Fines, Etc., was mailed to Nicholas S. Herron, Trial Attorney, Office of the U.S. Trustee, at 200 Granby Street, Room 625, Norfolk, Virginia 23510, and that I will electronically file the foregoing with the Clerk using the CM/ECF system, which will also send electronic notification of such filing.

                                                /s/ Roy H. Lasris
                                                Roy H. Lasris

RHL:aff:28509